**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CARLOS LUIS VALBUENA SANCHEZ,

      Petitioner,

v.                                 Case No. 3:26-cv-1500-WWB-LLL

WARDEN, NORTH FLORIDA
DETENTION CENTER, et al.,

      Respondents.

_____

## **ORDER**

1.      Before the Court is Petitioner's pro se Petition for Writ of Habeas Corpus (Doc. 1).  Upon review of Petitioner's allegations and arguments, the Court construes the Petition as challenging his mandatory detention under 8 U.S.C. § 1225.  Insofar as Petitioner attempts to raise other claims, they are insufficiently pleaded.[1]

2.      Petitioner has also filed a pro se Emergency Motion for Immediate Release (Doc. 2), and an Emergency Motion for Temporary Restraining Order (Doc. 3) (collectively "**Motions**").  In the Petition and Motions, Petitioner requests, *inter alia*, that the Court order his immediate release or order an expedited individualized bond hearing and enjoin Respondents from transferring or removing him during the pendency of this action.  (Doc. 1 at 9; Doc. 2 at 3; Doc. 3 at 3).  Temporary restraining orders are meant to "preserv[e] the status quo rather than grant[] most or all of the substantive relief requested in the

---

[1] While the Petition in this case is not a picture of clarity, in the interest of judicial economy, the Court construes Petitioner's allegations and arguments as stated herein. *See, e.g.*, *Pacheco v. Immigr. & Customs Enf't*, No. 3:26-cv-296-MMH-SJH (M.D. Fla.) (Doc. 6) (also construing the petitioner's arguments for purposes of efficiency).

complaint." *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1983).  Petitioner's Motions essentially seek to obtain the affirmative relief sought in the Petition on an expedited basis, rather than preserve the status quo.  As such, Petitioner's Emergency Motion for Immediate Release (Doc. 2) and Emergency Motion for Temporary Restraining Order (Doc. 3) are **DENIED without prejudice**.

3.      The Clerk of Court shall send a copy of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and this Order by **e-mail** to the United States Attorney for the Middle District of Florida (USAFLM.JAX.Civil.NewCases@usdoj.gov); and by **first-class mail** to the Attorney General of the United States, 950 Pennsylvania Avenue NW, Washington, DC 20530.  All costs of service shall be advanced by the United States.

4.      Respondents, within **5 business days** from the date of this Order, shall respond to the Petition, and show cause why the Petition should not be granted.

5.      If Petitioner is removed from the United States or otherwise released from custody, Respondents must file a notice within **3 days** of Petitioner's change in custody.

6.      If Petitioner is not represented by counsel, Petitioner must keep the Court apprised of Petitioner's current mailing address at all times, including if Petitioner is released.  If Petitioner fails to do so, the Court may dismiss the action.

7.      The parties must mark for identification all transcripts, briefs, affidavits, and other documentary exhibits and, if more than one, submit a table of contents or index (with a title, description, and date of each document).  The Court will strike and return any exhibits that do not comply with these requirements.  If a party relies on a deposition, the entire transcript must be filed.

8.     After Respondents file a response, Petitioner shall have **3 business days** to file a reply to Respondents' response.

**DONE AND ORDERED** in Jacksonville, Florida, on June 15, 2026.


_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE


caw 6/9
c:
Carlos Luis Valbuena Sanchez, #A244560816
U.S. Attorney's Office secondary email (OPLAORLFEDLIT@ice.dhs.gov)

3